Argued June 20, affirmed July 27, petition for rehearing denied August 23, petition for review denied October 5, 1972

STATE OF OREGON, *Respondent, v.*
LEE ROY HANSON (No. C-45013),
*Appellant.*
499 P2d 825

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

SCHWAB, C.J.

Defendant appeals from the result of his second trial in connection with the death of Sharon Griffin. This trial was based on an indictment charging second-degree murder and resulted in a conviction of manslaughter.

Defendant was previously tried for first-degree murder of Sharon Griffin and convicted of second-degree murder. That conviction was affirmed on appeal, *State v. Hanson,* 250 Or 188, 433 P2d 828 (1967), *cert denied* 391 US 955 (1968), but then vacated in post-conviction proceedings, *Hanson v. Cupp,* 5 Or App 312, 484 P2d 847 (1971). The facts are described in *State v. Hanson,* supra, and *Hanson v. Cupp,* supra, and need not again be repeated.

In this appeal defendant assigns as error: (1) the denial of his motions for judgment of acquittal; (2) comments made by the prosecutor in closing argument; and (3) the trial court's failure to give a requested instruction.

Defendant's motions for judgment of acquittal raised the issue of whether the evidence was sufficient to create a jury question. We believe it was—the Supreme Court held the evidence sufficient to go to the

jury in defendant's first trial, *State v. Hanson,* supra at 195, and at the oral argument of this appeal defendant's counsel conceded the evidence was substantially the same in defendant's second trial as it was at his first trial.

■ At several points in his closing arguments the prosecutor accused defendant and one of the twenty-five witnesses who testified in the presence of the jury of lying. (The references to defendant's "lies" related to statements defendant had made to police officers and others; defendant did not testify.) No objections were made at trial to any of the prosecutor's comments, and thus these alleged errors are not cognizable on appeal. We decline to consider this matter under Rule 5.40 of this court relating to "error of law apparent on the face of the record," because we agree with the characterization in the state's brief that the "prosecutor struck hard blows, but not unfair ones."

■ Finally, defendant asserts the trial court erred in failing to give the following requested instruction:

"It is part of defendant's theory of this case that another person or persons committed the crime alleged in the indictment, if you find there was a crime committed, and I instruct you that you have a right to take such evidence, if any, concerning another person or persons into consideration in arriving at your verdict in this case."

There is no merit to this contention. The jury was instructed on the presumption of innocence and the requirement of proof of guilt beyond a reasonable doubt. Moreover, the court gave essentially the instruction the defendant requested:

"The defendant contends further that the killing was the action of some person or persons other than the defendant and the defendant also contends

that the State has failed to show that the crime was committed or is triable in Multnomah County.

"While these are mentioned as contentions of the defendant, I instruct you that the burden is not upon the defendant to establish his contentions, but rather the burden is on the State to establish the material elements that I have previously mentioned to you. If you have a reasonable doubt that the defendant was present at the time and place the alleged crime was committed, or if you have a reasonable doubt that it was defendant who caused the death of the decedent, or if you have a reasonable doubt that the crime was committed or is triable in Multnomah County, then you would find the defendant not guilty."

Affirmed.