513 P.2d 438

The **STATE** of Utah, Plaintiff and Respondent,

v.

Billy Charles **HARRIS** et al., Defendants and Appellants.

No. 13025.

Supreme Court of Utah.

Aug. 14, 1973.

---

1. See cases cited in the annotation in 19 A.L.R. at pages 644–646; see also Dyett v. Turner, 20 Utah 2d 403, 439 P.2d 266 (1968).

Sumner J. Hatch, of Hatch, McRae & Richardson, Salt Lake City, for defendants and appellants.

Vernon B. Romney, Atty. Gen., David L. Wilkinson, William T. Evans, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

CALLISTER, Chief Justice:

The defendants, Harris and Saunders, were convicted by a jury of the crime of unlawful sale of a narcotic drug, namely, heroin. Saunders was granted probation upon the condition that she commit herself to an institution for treatment of her narcotic addiction. Harris was sentenced for the term provided by law to the Utah State Prison. Harris, alone, appeals.

The evidence adduced at the trial indicates that Edward Guy, an informer, and John P. Sutton, special agent for the Federal Bureau of Narcotics and Dangerous Drugs, contacted defendant, Harris, upon several occasions for the purpose of purchasing a quantity of heroin. To complete the details of the transaction, the parties met several times, but Harris was in agreement with the sale during their various meetings. Harris insisted that Saunders handle the physical transfer of money and narcotics; however, the evidence indicated that Harris was in the same room at the time Saunders delivered the heroin to Guy.

On appeal, Harris contends that there is insufficient evidence to connect him with the sale of the heroin, and that there was no basis to hold him as a principal because Saunders delivered the narcotics to Guy.

To set aside a jury verdict the evidence must appear so inconclusive or unsatisfactory that reasonable minds acting fairly upon it must have entertained reasonable doubt that the defendant committed the crime.[1]

The record is replete with evidence indicating his active participation in this criminal transaction; Harris cannot insulate himself from prosecution by directing another to handle the physical transfer.

Section 58–13a–1(10), U.C.A.1953, as amended 1969, provides:

"Sale" or "sell" includes barter, exchange, gift, transfer, prescribe, give away, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee.

From the evidence adduced at the trial, reasonable minds could conclude that Saunders' role in the transaction was under the direction and control of Harris, a principal.[2]

██ Defendant excepted to Instruction 14, and on appeal asserts that it was confusing to the jury and prejudicial to his cause. The instruction provided that to constitute the defense of entrapment, the jury must find that defendant was an innocent person, whose natural reluctance to commit a crime to which he had no predisposition, was persuaded by a police informer to sell narcotics. This instruction is in full accord with the law set forth in State v. Perkins[3] and State v. Kasai.[4]

Defendant, further, contends that the trial court erred in denying his motion for a new trial on the ground of newly discovered evidence, Sec. 77–38–3(7), U.C.A. 1953. This evidence was an affidavit of Saunders, admitting that she, alone, was involved in the transaction without the aid or knowledge of Harris. She claimed that she did not inform counsel or testify at the trial in the belief that Harris was not actually involved and would not be convicted; and that his presence as a codefendant would probably result in her acquittal. Defendant claims that the trial court denied the motion on the ground that with due diligence he would have been aware of the facts set out in the Saunders' affidavit. Defendant urges that although the two shared common counsel, he had no way of knowing what was in Saunders' mind, until she revealed the facts.

██ It is a matter solely within the discretion of the trial court as to whether it should grant a new trial on the ground of newly discovered evidence. This court

1. State v. Allgood, 28 Utah 2d 119, 120, 499 P.2d 269 (1972).

2. Sec. 76–1–44, U.C.A.1953.

3. 19 Utah 2d 421, 432 P.2d 50 (1967).

4. 27 Utah 2d 326, 495 P.2d 1265 (1972).

**80**

cannot substitute its discretion for that of the trial court, whose ruling will be sustained, unless it is clearly indicated that it abused or failed to exercise its discretion. The denial of ·such a motion will be deemed an abuse of discretion only in such instances where there is a grave suspicion that justice may have been miscarried because of the lack of enlightenment on a vital point, which the new evidence will supply; and the other elements attendant on obtaining a new trial on the ground of newly discovered evidence are present. If there be evidence before the court upon which reasonable men might differ as to whether or not the defendant is guilty, the trial court may deny a motion for a new trial.[5]

■ The facts of the affidavit neither qualify as evidence that could not with reasonable diligence have been discovered and produced at trial nor would they be such as to render a different result probable on retrial of the case. There is no basis upon which this court could hold that the trial court abused its discretion.

The judgment of the trial court is affirmed.

HENRIOD, ELLETT and TUCKETT, JJ., concur.

CROCKETT, J., concurs in the result.

5. State v. Jiron, 27 Utah 2d 21, 23, 492 P.2d 983 (1972).