Argued January 24, conviction affirmed, remanded for
resentencing March 4, 1974

## STATE OF OREGON, *Respondent, v.*
## JEROME OLLISON (No. C 70-12-0747 Cr), *Appellant.*

519 P2d 393

*Nick Chaivoe,* Portland, argued the cause and filed the brief for appellant.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Defendant was charged with robbery, former ORS 163.290 (repealed Oregon Laws 1971, ch 743, § 432, p 2002), by forcefully snatching a purse containing money from a 74-year-old woman. After trial by jury, defendant was convicted and sentenced to a maximum term of five years' imprisonment. Defendant was thereafter granted a delayed appeal.

Defendant alleges that the trial judge erred: (1) by refusing to instruct the jury concerning the inherent dangers of identification testimony; (2) by inadequately instructing the jury as to the state's burden of proof; and (3) by refusing to allow defendant's trial counsel to examine any portion of the presentence report.

The evidence at trial established that a young black man grabbed the purse from the elderly victim while she was standing at a bus stop in Portland. The victim testified that she was sprayed in the face by her assailant with a substance that "kind of dazed" her; however she was able to hang on to the purse handle. She fell when her assailant tore the purse free.

The assailant was seen getting into a 1959 or 1960 Chevrolet. A description of the car and the license number were reported to the investigating officer, who broadcast the information. Shortly thereafter two school security officers observed a car of the same description as it stopped in front of John Adams High School. Two occupants were seen to leave the car and enter the school building. The driver was identified by a security officer as Dennis Smith[1] and was described as wearing a white hat and a blue coat. The identity of the passenger was not established but he was described as wearing dark clothing. The officer who observed this testified that Dennis Smith, together with a man similar in height, dress and appearance to the unidentified passenger above, came out of the school about 10 minutes later and drove off in the car.

The security officers followed the car as it drove through the school parking lot and, as they did so, saw an object thrown from the passenger side. This object was recovered by another officer and was subsequently identified as the victim's purse. Smith's car was stopped before it could leave the parking lot; however, the passenger, who was later identified as the defendant, got out and ran into the school building.

---

[1] Dennis Smith was never indicted nor tried for this crime. At the time of defendant's trial, Smith was in prison as the result of a different conviction. He was brought to the courthouse to testify for the state, but was never called as a witness.

He was subsequently questioned by city police officers and was released after giving his name to them.

Defendant was later arrested and subjected to a lineup. At this lineup defendant was identified by the victim as her assailant. The trial court ruled that the lineup was proper. Defendant does not challenge that ruling.

The investigating officer testified on cross-examination that the victim described the assailant as wearing a white hat and a blue coat. A witness who observed the assailant running away with a purse testified that this man was wearing a white cap and dark coat. The victim was recalled to the stand, whereupon she testified that her assailant was wearing brown clothing. She denied ever telling the investigating officer that her assailant was wearing a white hat and a blue coat.

After giving notice of an alibi defense, defendant produced a witness who testified he had seen defendant at John Adams High School near the time of the purse snatching. However, this testimony was not conclusive as to defendant's whereabouts.

Defendant also took the stand and denied taking part in the robbery. On cross-examination he admitted being in Dennis Smith's automobile at John Adams High School, but denied that anything was thrown from the car while he was in it.

In accordance with his theory that he was not involved in the purse snatching, defendant requested instructions concerning the inherent dangers in the reliability of identification evidence. The trial judge refused to give the requested instructions, stating:

"That is commenting on the evidence. I wouldn't give it under any circumstances * * *."

..Defendant argues that the identification evidence offered at his trial was inconclusive and conflicting; that none of the witnesses could make a positive identification; and that therefore instructions concerning identification should have been given.

■■ The trial judge is not required to give jury instructions in the form requested. *State v. Robinson,* 235 Or 524, 385 P2d 754 (1963). However, he must " '*   *   * state the contentions of both the state and the defendant, and charge on all the issues made by the testimony *   *   *'." *State v. Jennings,* 131 Or 455, 465, 282 P 560 (1929); *accord, State v. Jones,* 11 Or App 129, 136, 500 P2d 1225 (1972), Sup Ct *review denied* (1973). In other words, defendant is entitled to have his theory of the case presented to the jury if there is evidence to support it. *See, State v. Burns,* 15 Or App 552, 516 P2d 748 (1973), Sup Ct *review denied* (1974), where we held that it was error not to give a requested self-defense instruction in a murder case.

In *State v. Jones,* supra, we took note of the uncertainties that may be involved in eyewitness identification, and said:

> "Certainly the giving of an appropriate instruction to the jury relating to the need for caution in accepting testimonial assertions of identity would here have been appropriate, and we think might well have been given. We cannot, however, say, after a review of the entire record that it was such an abuse of discretion as to warrant a reversal of the conviction." 11 Or App at 136.

Again in *State v. Calia,* 15 Or App 110, 514 P2d 1354 (1973), Sup Ct *review denied* (1974), the reliability of eyewitness identification was raised by the evidence. There we approved the giving of an instruc-

tion concerning the reliability of identification evidence. We said:

> "The jury was entitled to consider the evidence under proper instruction. The court instructed the jury:
>
>> "'In this case, there has been eye witness identification of the defendant. When you consider the weight to be given such testimony or the reliability of such evidence, you should consider the similarity [sic; familiarity?] of the witness with the defendant, the opportunity the witness had to make an identification, taking into consideration such matters as time, height, [light,] movement, the number of persons present and the excitement attending the event or the occasion, the susceptibility of the witness through suggestion of others or other groups, and the period of time that elapsed between the initial observation and the final identification.'
>
> The instructions state the law adequately \* \* \*."

15 Or App at 114-15. (Second bracket ours.)

In the present case the jury was instructed on the elements of the crime charged, the presumption of innocence, that they (the jury) were the sole judges of the credibility of the witnesses, the requirement of proof beyond a reasonable doubt, that they were to acquit the defendant if they had any reasonable doubt as to whether "defendant committed the act charged" and that doubts were to be resolved in defendant's favor. The jury was further instructed as to defendant's alibi defense as follows:

> "The evidence has been introduced by the defendant tending to establish an alibi. Alibi means 'elsewhere' and is a contention that the defendant was not present at the time when and the place where he is alleged to have committed the crime charged.
>
> "If, after consideration of the evidence, you

have a reasonable doubt as to whether the defendant was present at the time and place the alleged crime was committed, you should acquit him."

■ While an instruction concerning identification would not have been inappropriate in this case, our review of the record indicates that the identity issue was significantly brought into focus and drawn to the attention of the jury—both by the questions directed to the witnesses and by the court's instructions. *United States v. Telfaire,* 469 F2d 552, 556 (DC Cir 1972). Therefore the failure to give an instruction on identification was not prejudicial error. *United States v. Telfaire,* supra; *State v. Jones,* supra, 11 Or App at 138; *State v. Hansen,* 10 Or App 363, 365, 499 P2d 825, Sup Ct *review denied* (1972); *see, State v. Taylor,* 109 Ariz 267, 508 P2d 731, 738 (1973); *but cf., People v. Moya,* — Colo ——, 512 P2d 1155 (1973).

Defendant's requested instructions on identification did not correctly state the law and should not have been given in any event. For other examples of identification instructions, see, "Model Special Instructions on Identification" set forth in the appendix to *United States v. Telfaire,* supra, 469 F2d at 558-59, and *State v. Calia,* supra, 15 Or App at 114-15.

In *State v. North,* 238 Or 90, 93, 390 P2d 637, *cert denied* 379 US 939 (1964), our Supreme Court said (quoting from *State v. Quartier,* 118 Or 637, 639-40, 247 P 783 (1926)):

" 'A requested instruction is always properly refused, unless it ought to have been given in the very terms in which it was proposed.' "

Defendant's second assignment of error concerns the failure of the trial court to give a requested instruction dealing with the burden of proof.

■ There is no substantial difference between the requested instruction and the one given. Therefore, there is no error. *State v. Robinson,* 235 Or 524, 385 P2d 754 (1963).

■ Finally defendant argues that it was error for the trial judge not to allow him (defendant) to see any portion of the presentence report. We agree. In *Buchea v. Sullivan,* 262 Or 222, 497 P2d 1169 (1972) (which was decided after the trial in the present case), our Supreme Court held that defendant must be furnished with a copy of that portion of the presentence report relating to his prior criminal record, as well as any other portion for which there is no valid reason for confidentiality.

The sentence imposed upon defendant is therefore set aside and the matter is remanded to the trial court for resentencing of defendant.

Conviction affirmed. Remanded for resentencing.