The STATE of Utah, Plaintiff and Respondent,

v.

Gregory B. SCHAFFER, Defendant and Appellant.

No. 16664.

Supreme Court of Utah.

Oct. 29, 1981.

Steven L. Hansen, Salt Lake City, for defendant and appellant.

David L. Wilkinson and Robert N. Parrish, Salt Lake City, for plaintiff and respondent.

OAKS, Justice:

A jury convicted defendant of aggravated robbery in violation of U.C.A., 1953, § 76–6–302. On appeal, he urges two errors by the trial court: (1) denying his motion for a new trial for newly discovered evidence, and (2) failing to give his requested jury instruction on identification testimony. We affirm the conviction.

At about 10:30 p. m. on August 21, 1978, two men and a woman entered the Shakey's pizza parlor in Granger. The business was empty except for two other patrons. The men ordered pizza from Ms. Warenski, the assistant manager, and ordered two beers from Mr. Guley, the bartender. A short time later, after the woman and the two other patrons had departed, one of the men approached Warenski for change for a pinball machine. When she opened the cash register to make change, the man produced a pistol and demanded and took all of the

money in the drawer. At the same time, Warenski noticed that the other man was robbing Guley's till at the bar. Afterwards, the robbers shut the employees in the walk-in cooler. Both Warenski and Guley testified at the trial, positively identifying defendant as the man who robbed Warenski.

On May 9, 1979, seven days after he was convicted, defendant moved for a new trial on the basis of newly discovered evidence. In support of that motion, he filed affidavits by his attorney, by a Mr. Howard (a friend), and by Howard's wife. In his affidavit, Howard states that he was fishing with defendant on the night of the robbery and "did not return home until very late." Howard asserted that this information was not available to him until after the trial because August 21 is the birthday of his daughter and he naturally assumed that he was celebrating the daughter's birthday on that day. Following trial, Mrs. Howard checked her calendar and found that the child's birthday had been celebrated on August 22 instead. Mr. Howard then recalled that he had been fishing with defendant on the night of the robbery. Mrs. Howard's affidavit states that she did not check her calendar until after trial because she was not aware of the reason for her husband's inquiry until that time.

■ Section 77–38–3 provides in part:

When a verdict or decision has been rendered against the defendant the court may, upon his application, grant a new trial in the following cases only:

\*       \*       \*       \*       \*       \*

(7) When new evidence has been discovered, material to the defendant and which he could not with reasonable diligence have discovered and produced at trial.

"New evidence" within the meaning of § 77–38–3(7) is not evidence newly remembered after trial, *State v. Merritt,* 67 Utah 325, 247 P. 497 (1926); *State v. Moore,* 41 Utah 247, 126 P. 322 (1912), or evidence available to defendant but not obtained by him prior to the time of trial. *State v. Harris,* 30 Utah 2d 77, 513 P.2d 438 (1973);

*State v. Jiron*, 27 Utah 2d 21, 492 P.2d 983 (1972).

█ In this case, defendant obviously knew of the witness, Howard, since he used him as a character witness at the trial. There is no indication that Mrs. Howard or her calendar were unavailable prior to trial. The fact that defendant had every incentive and opportunity to pursue the question of alibi in advance of trial is evident from the fact that defendant requested a continuance in advance of trial to investigate a potential alibi witness. (He did not introduce evidence on that point.) In view of these circumstances, we are unpersuaded that the alibi evidence involving the fishing trip could not with reasonable diligence have been discovered and produced at trial. We therefore find no abuse of discretion in the trial court's denial of the motion for a new trial. *State v. Harris, supra.*

█ Defendant also complains of the trial court's failure to give his proposed instruction on identification testimony, which is set out in the footnote.[1] Defendant maintains that identification was the only issue in his case, and cites Utah authority to the effect that a defendant is entitled to have the jury instructed on his theory of the case.[2] Here, the jury was instructed that the burden was on the state to prove defendant guilty beyond a reasonable doubt, that they were the exclusive judges of the credibility of the witnesses, and that, in order to convict, they must find that defendant committed all of the elements constituting the offense. Taking these instructions as a whole, as is proper, *State v. Coffey*, Utah, 564 P.2d 777 (1977); *Taylor v. Johnson*, 18 Utah 2d 16, 20, 414 P.2d 575 (1966), we find that they adequately advised the jury on the law pertaining to this case.

Defendant cites authorities stating that the giving of a specific jury instruction on identification is desirable when identification is in issue.[3] In view of the general instructions summarized above and in view of the witnesses' abundant opportunity to observe the robber when he was drinking his beer and when he was in the well-lit kitchen area to order his pizza, to empty the cash register, and to shut the witnesses in the cooler, the omission of the "desirable" identification instruction suggested in those cases did not constitute reversible error. U.C.A., 1953, § 77–42–1 (effective until July 1, 1980); U.R.C.P., Rule 30, U.C.A., § 77–35–30 (effective July 1, 1980); *State v. Taylor*, 109 Ariz. 267, 508 P.2d 731 (1973); *State v. Ollison*, 16 Or.App. 544, 519 P.2d 393 (1974).

The conviction is affirmed.

HALL, C. J., HOWE, J., and J. ALLAN CROCKETT, Retired Justice, concur.

MAUGHAN, Justice, did not participate herein; CROCKETT, Retired Justice, sat.

STEWART, Justice (dissenting):

I dissent from the majority's holding that the lower court properly refused the proposed instruction on eyewitness identifica-

1. One of the important issues of this case is the identification of defendants. The State has the burden of proving identity beyond a reasonable doubt.

Identification testimony is an expression of belief or impression by the witness. In this case, some of the witnesses have testified that they recognized a defendant as a participant in the crime. You must decide whether there is a reasonable doubt in this identification. In appraising the identification testimony of the witnesses you should consider the following:

(a) Did the witnesses have the capacity and opportunity to observe the offender.

(b) Is the identification made by the witness a product of his own recollection.

(c) Has the witness been consistent in recognizing the defendant as a participant in the offense.

If after considering these factors you have a reasonable doubt as to the accuracy of the identification, you must find that defendant not guilty.

2. *State v. Brown*, Utah, 607 P.2d 261 (1980); *State v. Castillo*, 23 Utah 2d 70, 457 P.2d 618 (1969).

3. *United States v. Telfaire*, 469 F.2d 552 (D.C. Cir.1972); *United States v. Barber*, 442 F.2d 517 (3rd Cir. 1971); *Macklin v. U. S.*, 409 F.2d 174 (D.C.Cir.1969); *Commonwealth v. Bowden*, Mass., 399 N.E.2d 482 (1980).

tion testimony. In my view, the requested instruction should have been given. The court's finding that the instruction was not necessary is based on a misplaced trust in the accuracy of such testimony.

The inherent dangers in eyewitness testimony are well chronicled. As noted by Mr. Justice Brennan in *United States v. Wade*, 388 U.S. 218, 228, 87 S.Ct. 1926, 1932, 18 L.Ed.2d 1149 (1967):

> [T]he annals of criminal law are rife with instances of mistaken identification. Mr. Justice Frankfurter once said: "What is the worth of identification testimony even when uncontradicted? The identification of strangers is proverbially untrustworthy. The hazards of such testimony are established by a formidable number of instances in the records of English and American trials."

See generally Stewart, Perception, Memory, and Hearsay: A Criticism of Present Law and the Proposed Federal Rules of Evidence, 1970 Utah L.Rev. 1.[1] "[I]n-court testimony of an eyewitness can be devastatingly persuasive," *United States v. Greene*, 591 F.2d 471, 475 (8th Cir. 1979), and result in undetectable error. Recognizing the grave problems with eyewitness identification testimony, *Macklin v. United States*, 409 F.2d 174 (D.C.Cir.1969), held it imperative that trial courts routinely include an identification instruction. The court went so far as to say that "[i]n cases where identification is a major issue the judge should not rely on defense counsel to request so important a charge." *Id.* at 178. In *United States v. Levi*, 405 F.2d 380 (4th Cir. 1968), the court, relying on *Jones v. United States*, 124 U.S.App.D.C. 83, 361 F.2d 537 (1966), directed trial judges to instruct the jury, on defendant's request, that the prosecution has the burden of prov-

ing beyond a reasonable doubt the identity of the defendant as the perpetrator of the crime charged. Other courts have emphasized that an identification instruction should be given when eyewitness identification is crucial. *United States v. O'Neal*, 496 F.2d 368 (6th Cir. 1974); *United States v. Roundtree*, 527 F.2d 16 (8th Cir. 1975); *United States v. Hodges*, 515 F.2d 650 (7th Cir. 1975); *United States v. Holley*, 502 F.2d 273 (4th Cir. 1974); *United States v. Barber*, 442 F.2d 517 (3rd Cir. 1971). Independent evidence of identification may, however, obviate the necessity of a special instruction. *United States v. Kavanagh*, 572 F.2d 9 (1st Cir. 1978); *United States v. Scott*, 578 F.2d 1186 (6th Cir. 1978).

To support its conclusion that the requested eyewitness identification was not necessary, the majority opinion cites *State v. Taylor*, 109 Ariz. 267, 508 P.2d 731 (1973), and *State v. Ollison*, 16 Or.App. 544, 519 P.2d 393 (1974). These cases rely on other instructions given which focus on the identification issue by clearly establishing defendant's theory that he was not present. The absence of any other instructions bearing on the identification issue in the instant case renders the authorities cited inapposite.

In the instant case there is no independent evidence of defendant's connection with the crime; the critical link is supplied solely by the eyewitness identification.[2] If failure to give the instructions in this case is not prejudicial error, it is difficult to think of a case where it would be. Despite the state's sole reliance on eyewitness identification for its case against Schaffer, defendant's proposed instruction on eyewitness identification was not given. The instructions given referred neither to the inherent problems of eyewitness testimony

---

1. The article explains how honest error is produced by the normal operation of cognitive processes. "The law has long been aware of the effect of bias on testimonial accuracy. But powerful intrapsychic processes also produce substantial distortion in testimony without influence from the type of bias generally recognized and without any intent to falsify." *Id.* at 10. Several studies are reviewed which illustrate the great extent to which witnesses erro-

neously recall as well as inaccurately perceive people and events, even under the most favorable circumstances for observation. *Id.* at 8-22.

2. It is significant that a fingerprint of the other person involved in that crime was found; but there was no fingerprint or any other physical evidence linking the defendant to the crime.

and the care with which it should be viewed nor defendant's theory that he was not present. Although the majority opinion takes the "instructions as a whole" and reaches its conclusion that they adequately advise the jury, the instructions are nothing more than boilerplate statements concerning burden of proof which do not deal with the problem at all.

Furthermore, the majority opinion does not fully describe the scene and circumstances of the crime. It refers to "the witness' abundant opportunity to observe the robber." Some courts have held that the opportunity to observe the perpetrator is important in determining whether the absence of an identification instruction resulted in prejudicial error. See, e.g., *United States v. Telfaire*, 469 F.2d 552 (D.C.Cir. 1972); *United States v. Scott*, 578 F.2d 1186 (6th Cir. 1978). In the instant case, the record reveals that the restaurant was illuminated by dim yellow lights, and although the two employees could have observed the two men during a fifteen-minute period in the pizza parlor, the two employees were distracted by their cooking, cleaning, order taking, serving, and bartending duties. The momentary encounters in the well-lit kitchen area occurred chiefly under the highly stressful circumstances of the actual robbery. In light of these facts, there was at best only a limited opportunity for observation, rather than an "abundant opportunity," to observe the robbers as maintained by the majority. See *United States v. Scott, supra*, at 1191.

The general burden of proof instruction clearly did not direct the jury's attention to the issue of mistaken identity. As stated in *United States v. Barber*, 442 F.2d 517, 527 n. 16 (3rd Cir. 1971):

> Balancing the liberal admissibility of identification evidence is the commensurately heavy burden placed upon the prosecution by proving the identity of the criminal actor as proof beyond a reasonable doubt. Where identity is placed in issue, the trial court is required to charge the jury on this high degree of proof. [Citations omitted.]

Because the eyewitness identification was the sole basis for the conviction, and because of the limited opportunity for observation, the trial court's refusal to give an instruction informing the jury of the hazards of eyewitness identification testimony was, in my view, prejudicial error. I think the case should be retried.