**STATE of Utah, Plaintiff and Respondent,**

v.

**Jay Richard NEWTON, Defendant and Appellant.**

No. 19065.

Supreme Court of Utah.

April 23, 1984.

Bradley P. Rich, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Asst. Atty. Gen., James F. Housley, Deputy Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

OAKS, Justice:

A jury convicted defendant of aggravated robbery. U.C.A., 1953, § 76–6–302. The only evidence linking defendant to the crime was the eyewitness identification of the victim. On appeal, defendant claims that the trial court committed prejudicial error by refusing his proffered instruction stressing the special pitfalls of eyewitness identification. *See United States v. Telfaire*, 469 F.2d 552 (D.C.Cir.1972). We affirm.

During the morning of May 6, 1981, Sandra Shephard, a registered pharmacist with 22 years' experience, was working at Salt Lake Drug East. She saw a man enter the

fully illuminated store and walk toward the pharmacy counter where she was standing. She approached the man to see what he wanted. No one else was in the store.

The man produced a gun and shoved it in Shephard's face. He handed her an attache case and ordered her to fill it with drugs. He pushed her back toward the pharmacy area and stood beside her while she complied with his demands. He requested a particular narcotic, but she informed him that she had none. After she filled the case, the robber took the cash that was in the cash register (about $50), ordered her to lie face down on the floor, and fled. The encounter lasted about three minutes. The robber was not masked.

Shephard called the police immediately. She described the robber as a white male with relatively long, light brown hair. She approximated his height at 5'5" and his weight at 140 lbs. Although defendant now argues that he is taller and heavier than this description, his height and weight do not appear in the record. A few days after the robbery, a police officer showed Shephard a photo spread. She did not identify any of the pictures. Three or four days later, the officer showed her a second group of photos. Defendant's picture was in this group, and she identified his picture as the man who had robbed her. Shephard later identified defendant at the preliminary hearing and at the trial. No other evidence linked defendant to the crime. Defendant requested a Telfaire instruction, and the trial court refused.

This Court has repeatedly refused to require a Telfaire instruction in cases where eyewitness identification is an issue, leaving the matter instead to the sound discretion of the trial court. *State v. Malmrose,* Utah, 649 P.2d 56 (1982); *State v. Schaffer,* Utah, 638 P.2d 1185 (1981). *Cf. State v. McCumber,* Utah, 622 P.2d 353, 359 (1980). On review of a refusal to give a special eyewitness instruction, we look at the jury instructions that were given at the trial to determine if they adequately advised the jury on the law. *State v. Schaffer, supra.* As in *Schaffer,* the jury in this case was instructed that the burden was on the State to prove that the defendant was guilty beyond a reasonable doubt, that they were the exclusive judges of the credibility of the witnesses, and that in order to convict they must find that defendant committed all of the elements constituting the offense. These instructions adequately advised the jury on the law pertaining to this case.

The witness, Shephard, had about three minutes to observe defendant, most of that time at close range. Defendant was unmasked, and the store was well illuminated. Shephard's identification of defendant at trial was positive, as was her earlier identification of his photo. Under these circumstances, the trial court's refusal of the additional instruction on eyewitness identification did not constitute prejudicial error.

The judgment of conviction is affirmed.

HALL, C.J., and HOWE, J., concur.

DURHAM, Justice (Concurring in the Result):

I concur in the majority's holding because it follows established precedent in deferring to the discretion of the trial court. I write separately, however, to emphasize that this is the kind of case where an instruction on the dangers of eyewitness identification is most appropriate. As the majority notes, "The only evidence linking defendant to the crime was the eyewitness identification of the [sole] victim." The statistical probabilities of error and injustice in such a case, as distinguished from one where there is some corroboration of the identification, are so great that I believe the trial court's discretion should be routinely exercised in favor of giving the instruction. *See State v. Malmrose,* Utah, 649 P.2d 56 (1982) (Stewart, J., dissenting).

STEWART, J., concurs in the concurring in the result opinion of Justice Durham.