**The STATE of Utah, Plaintiff and Respondent,**

v.

**Jose DeJESUS, Defendant and Appellant.**

**No. 19014.**

Supreme Court of Utah.

Dec. 16, 1985.

Brooke C. Wells, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Dave B. Thompson, Asst. Atty. Gen., Roger Blaylock, Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

Defendant appeals his conviction of aggravated robbery [1] of a jewelry store, contending that he was absent from the state of Utah at the time the robbery was committed. Defendant assigns two interrelated points on appeal: (1) insufficiency of the evidence and (2) failure of the trial court to give the eyewitness testimony instruction suggested in *United States v. Telfaire.*[2]

■ Defendant's challenge to the sufficiency of the evidence consists solely of the fact that two weeks *after* the robbery, defendant purchased an airline ticket at a New York airport. However, this evidence does not raise a presumption that defendant was not in Salt Lake City two weeks earlier. Further, weighed against that evidence was the testimony of two jewelry store employees who positively identified defendant as one of the three robbers. In

---

1. A first degree felony in violation of U.C.A., 1953, § 76–6–302 (1978 ed.).

2. 469 F.2d 552 (D.C.Cir.1972).

addition, there was unrefuted evidence that defendant's finger and palm prints were found on the glass top of a display case in the jewelry store immediately after the robbery.

■ As to the claim of error in not giving the *Telfaire* instruction, the finger and palm print evidence dispels any importance that could be assigned in this case to the generalization that eyewitness testimony is suspect and that it requires a cautionary instruction on the order of that suggested in *Telfaire*. In the instant case, the evidence in addition to the eyewitness testimony was most reliable and convincing—that of defendant's own contribution, his finger and palm prints.

*Telfaire* suggested a model eyewitness instruction, but it also said that any such instruction was to be given in the discretion of the trial court. This Court has repeatedly so held.[3] Under the circumstances of this case, we do not find the refusal to give that instruction to constitute an abuse of discretion. Adequate instructions were given on the prosecution's burden of proof and the jury's role in assessing the credibility of the witnesses.

The remaining point on appeal, that of insufficiency of the evidence, is clearly without merit in light of the evidence of guilt in this case.

The verdict and judgment of the trial court are affirmed.

STEWART, HOWE, DURHAM and ZIMMERMAN, JJ., concur.

---

3. *State v. Booker*, Utah, 709 P.2d 342, ___ (1985); *State v. Bingham*, Utah, 684 P.2d 43, 45 (1984); *State v. Reedy*, Utah, 681 P.2d 1251, 1252 (1984); *State v. Newton*, Utah, 681 P.2d 833, 834 (1984); *State v. Malmrose*, Utah, 649 P.2d 56, 61 (1982). *See also State v. Schaffer*, Utah, 638 P.2d 1185 (1981); *State v. McCumber*, Utah, 622 P.2d 353 (1980).