2001 UT App 395

**STATE of Utah, Plaintiff and Appellee,**

v.

**Derek ANDREASON, Defendant and Appellant.**

No. 20001014–CA.

Court of Appeals of Utah.

Dec. 13, 2001.

Donald E. McCandless and Thomas J. Scribner, Fisher, Scribner, Moody & Stirland, Provo, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Jeffrey T. Colemere, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before Judges JACKSON, BILLINGS, and DAVIS.

## OPINION

JACKSON, Associate Presiding Judge:

¶ 1 Appellant Derek Andreason appeals his conviction of Forgery, a third degree felony, in violation of Utah Code Ann. § 76–6–501 (1995) (the Forgery Statute).

## BACKGROUND

¶ 2 In April, 1998, Andreason submitted a set of twenty-year-old plans (First Copy) for a four-plex to John Hicks, Sevier County Building Official, in order to obtain a building permit. Hicks rejected the plans, explaining they were "too old" and the "codes have changed over twenty years." In addition, Hicks told Andreason that an architect or engineer needed to upgrade the plans, and that he was concerned that the architect, John Rowley, had not signed over the top of the seal. On April 16, 1998, Hicks wrote Andreason a letter (Hicks Letter), which stated:

> I have reviewed the plans you submitted for a four[-]plex. These plans are 20 years [old] and the engineer[']s stamp is not legible. Building codes and standards have changed dramatically over a period of 20 years. These plans must be reviewed and re-stamped by a [l]icensed [a]rchitect or engineer prior to approval by the Sevier County Building Department.

Moreover, in an attempt to resolve his concern about Rowley's signature, Hicks discovered that Rowley had died two years earlier, in 1996.

¶ 3 Andreason picked up the First Copy and submitted another set of plans (Second Copy). The Second Copy is a clean copy of the original set of plans from which the First Copy had been duplicated twenty years earlier, and upon which the architect's stamp is legible. Except for the clarity and duplication techniques used to copy them, the First Copy and Second Copy are identical. Andreason was subsequently convicted of Forgery at a bench trial.

## ISSUE AND STANDARD OF REVIEW

■■■ ¶ 4 Andreason challenges the sufficiency of the evidence presented at trial that he acted "with purpose to defraud anyone, or with knowledge that he [was] facilitating a fraud." Utah Code Ann. § 76–6–501(1) (1995).[1]

When reviewing a bench trial for sufficiency of evidence, we must sustain the trial court's judgment unless it is against the clear weight of the evidence [presented at trial[2]], or if the appellate court otherwise reaches a definite and firm conviction that a mistake has been made. However, before we can uphold a conviction it must be supported by a quantum of evidence

concerning each element of the crime as charged from which the [factfinder] may base its conclusion of guilt beyond a reasonable doubt.

*State v. Larsen,* 2000 UT App 106, ¶ 10, 999 P.2d 1252 (second alteration in original) (internal quotations and citations omitted).[3]

## ANALYSIS

■■ ¶ 5 Andreason challenges the sufficiency of the evidence, contending that the State failed to prove beyond a reasonable doubt that:

(1) ... with purpose to defraud anyone, or with knowledge that he [was] facilitating a fraud to be perpetrated by anyone, he:

. . . .

(b) ... uttered [a] writing so that the writing or the ... utterance purport[ed] to be the act of another ... or purport[ed] to have been executed at a time or place or in a numbered sequence other than was in fact the case.

Utah Code Ann. § 76–6–501 (1995). Specifically, he argues the prosecution failed to prove he had intent to defraud or knowledge that his actions would facilitate a fraud. We agree.

¶ 6 To prove Andreason's fraudulent intent, the State demonstrated that: (1) Hicks rejected the First Copy, explaining it was "too old" and the "codes have changed over

---

1. Andreason also challenges the trial court's denial of his motion to dismiss and the trial court's failure to make specific findings supporting his conviction. Further, Andreason challenges his conviction on the basis of prosecutorial misconduct. However, because our analysis of Andreason's insufficiency of the evidence argument resolves the matter in his favor, we do not address these arguments.

2. Because the evidence presented at trial regarding Andreason's intent or knowledge was minimal, the State attempted, in its reply brief, to bolster its evidentiary base by suggesting that we review testimony elicited at Andreason's preliminary hearing. However, the State acknowledged at oral argument that we may not properly consider Hicks's statements at the preliminary hearing. When reviewing a defendant's challenge to his or her conviction based on a claim of insufficiency of the evidence, we consider only the evidence presented at trial. *See State v. Goodman,* 763 P.2d 786, 786–87 (Utah 1988) ("When reviewing a bench trial for sufficiency of the evidence, we must sustain the trial court's judgment unless it is 'against the clear weight of the

evidence'.... [T]his standard requires that the clear weight of the evidence presented *at trial* not be contrary to the verdict." (Emphasis added.) (Citation omitted.)); *cf. State v. Colwell,* 2000 UT 8, ¶ 42, 994 P.2d 177 ("A verdict rendered by a jury is overturned only if the evidence presented *at trial* is so insufficient that reasonable minds could not have reached the verdict." (Emphasis added.)).

3. When challenging the sufficiency of the evidence, a defendant must also " 'marshal all of the evidence in support of the trial court's findings of fact and then demonstrate that the evidence, including all reasonable inferences drawn therefrom, is insufficient to support the findings against an attack.' " *Larsen,* 2000 UT App 106 at ¶ 11, 999 P.2d 1252 (quoting *State v. Moosman,* 794 P.2d 474, 475–76 (Utah 1990)). We note that Andreason adequately marshaled the evidence and that the State does not urge us to decline to review Andreason's insufficiency of the evidence claim based on inadequate marshaling.

twenty years;" (2) Hicks told Andreason that an architect or engineer needed to upgrade the plans, and that he was concerned that the architect, John Rowley, had not signed over the top of the seal; (3) Andreason received the Hicks Letter prior to his submission of the Second Copy; (4) Andreason submitted a second, clean copy of the original set of plans from which the First Copy had been duplicated twenty years earlier, and upon which the architect's stamp was legible; and (5) Andreason is an experienced builder. We cannot say that these facts comprise "a quantum of evidence concerning [intent or knowledge of fraud] from which [a trial court] may base its conclusion of guilt beyond a reasonable doubt." *Larsen*, 2000 UT App 106 at ¶ 10, 999 P.2d 1252 (internal quotations and citations omitted).

■ ¶ 7 The State argues that Andreason's submission of the Second Copy somehow represented to Hicks that the Second Copy had been reviewed and re-stamped, thus "purporting to be the act of another ... or purporting to have been executed at a time or place or in a numbered sequence other than was in fact the case." Utah Code Ann. § 76–6–501. Andreason contends he thought Hicks only wanted a clearer set of plans.[4] However, although the State attempted to impeach Andreason's testimony that he "inadvertently disregarded the second paragraph of Hick's letter," it presented no evidence at trial to show that Andreason intentionally or knowingly represented the Second Copy to be anything other than a cleaner duplicate of the First Copy.[5] Thus, we cannot "uphold [Andreason's] conviction [because] it [is not] supported by a quantum of evidence concerning each element of the crime as charged from which the [trial court

could] base its conclusion of guilt beyond a reasonable doubt." *Larsen*, 2000 UT App 106 at ¶ 10, 999 P.2d 1252 (internal quotations and citations omitted). Accordingly, we conclude the evidence is insufficient to show Andreason's intent or knowledge beyond a reasonable doubt, and we reverse his forgery conviction.

### CONCLUSION

¶ 8 We conclude the evidence is insufficient to show Andreason submitted the Second Copy to Hicks "with purpose to defraud anyone, or with knowledge that he [was] facilitating a fraud to be perpetrated by anyone." Utah Code Ann. § 76–6–501(1) (1995). Accordingly, we reverse his forgery conviction.

¶ 9 WE CONCUR: JUDITH M. BILLINGS, Judge, and JAMES Z. DAVIS, Judge.

---

4. To support this contention, Andreason points out that he altered nothing on the Second Copy, thus leaving its date, December 26, 1978, plainly visible on its first page.

5. The State cites *State v. Kihlstrom*, 1999 UT App 289, 988 P.2d 949, for the proposition that "Defendant's presentation of the second set of plans in effect represented to Hicks that the plans had been 'reviewed and re-stamped' by an architect," i.e., that intent may be inferred by the mere utterance of the Second Copy. In *Kihlstrom*, the State proved that the defendant cashed a forged check, but presented no actual evidence that the defendant knew the check was a forgery. We noted in that case that we did "not think it

proper to infer knowledge that an instrument is forged from its mere possession or uttering," but were "constrained to affirm[,] ... in the face of binding precedent[, that] ... a person who merely utters a forged instrument can be inferred to have had knowledge of the forgery." *Id.* at ¶¶ 11, 13, 988 P.2d 949 (citing *State v. Williams*, 712 P.2d 220, 223 (Utah 1985)). Here, however, Andreason did not utter an already "forged instrument." *Id.* at ¶ 13, 988 P.2d 949. Thus, the State does not benefit by the inference of intent or knowledge described in *Williams*, and cannot sidestep the requirement of proving intent or knowledge beyond a reasonable doubt.