2007 UT App 216

**STATE of Utah, Plaintiff and Appellee,**

**v.**

**Robert MITCHELL, Defendant and Appellant.**

**No. 20050754–CA.**

Court of Appeals of Utah.

June 21, 2007.

Margaret P. Lindsay, Orem, for Appellant.

Mark L. Shurtleff, Attorney General, Jeanne B. Inouye, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges BILLINGS, DAVIS, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 Defendant Robert Mitchell was convicted of theft, a second degree felony, *see* Utah Code Ann. §§ 76–6–404, –412(1) (2003), and criminal mischief, a second degree felony, *see id.* § 76–6–106 (2003). Mitchell appeals from the district court's denial of his motion for a new trial. We affirm.

## BACKGROUND

¶ 2 On August 4, 2002, Cecil Henningson's truck was stolen from his driveway and was later recovered from a local canal. A few days later, police received complaints from other citizens about missing tools, car parts, and a palm pilot. Those items were later retrieved when the police executed a search of Mitchell's apartment. As a result of these incidents, Mitchell was charged with theft and criminal mischief.

¶ 3 On August 24, 2004, following a two-day jury trial, Mitchell was convicted as charged. He was sentenced on October 7, and on October 18 he filed a one-paragraph motion for new trial alleging juror misconduct and newly discovered evidence inconsistent with a witness's trial testimony. Mitchell did not initially support his motion with affidavits or other documentation. The State opposed Mitchell's motion, asking the district court to deny the motion pursuant to rule 24(b) of the Utah Rules of Criminal Procedure because it lacked evidentiary support. On November 12, Mitchell filed a request for an extension of time in order to submit evidentiary support.

¶ 4 On November 22, Mitchell filed the first of two affidavits from Brooke Kerrington, a private investigator. According to this affidavit, jurors had assumed, without evidence, that witness Tyler Archuleta was testifying against Mitchell in exchange for a reduction of Archuleta's own charges relating to the incidents. On January 10, 2005, Mitchell filed a second affidavit from Kerrington that related statements made by Henningson during Kerrington's post-trial investigation. According to Kerrington, Henningson stated that he had never met Archuleta prior to Mitchell's "first court

hearing" and that he believed Archuleta was involved in the theft of his truck. This information contradicted Archuleta's pre-trial statements to the police that he and Henningson had seen each other and conversed on the morning of the theft. On February 15, the State filed an amended response requesting that the district court deny Mitchell's motion based on the untimely filing of the two affidavits.

¶ 5 On August 2, 2005, the district court denied Mitchell's motion for new trial based on untimely filing and lack of evidentiary support, and because Mitchell had demonstrated no "substantial adverse effect" on his right to a fair trial. Utah R.Crim. P. 24(a). Mitchell appeals the district court's ruling.

## ISSUES AND STANDARDS OF REVIEW

¶ 6 Mitchell challenges the district court's determinations that his motion for a new trial was untimely, incomplete, and lacking in substantive merit. The decision to grant or deny a motion for a new trial lies within the discretion of the district court. *See State v. Williams,* 712 P.2d 220, 222 (Utah 1985). However, "legal determinations made by the [district] court as a basis for its denial of a new trial motion are reviewed for correctness." *State v. Loose,* 2000 UT 11, ¶ 8, 994 P.2d 1237.

## ANALYSIS

¶ 7 We determine that the district court did not exceed its permitted range of discretion when it denied Mitchell's motion for a new trial. The district court properly interpreted rule 24 of the Utah Rules of Criminal Procedure in determining that Mitchell failed to timely file a complete motion for new trial. Further, even considering the substance of the untimely affidavits, Mitchell has failed to demonstrate any prejudice. Accordingly, we affirm.

### I. Timeliness and Completeness Under Rule 24

¶ 8 The district court denied Mitchell's motion for a new trial, in part, because of the motion's incompleteness and untimeliness.

Although Mitchell timely filed a motion, the motion was not supported by affidavits or other evidence as required by rule 24(b) until well after the expiration of the filing deadline. *See* Utah R.Crim. P. 24(b). The district court explained why it found Mitchell's unsupported motion to be unacceptable: "The rule does not allow the defendant to drop off a one-paragraph motion at the courthouse ... and to then find the necessary evidence and prepare the affidavits at his leisure, as happened in this case."

¶ 9 We agree with the district court's assessment of the requirements of rule 24. Rule 24(b) explicitly states that "[a] motion for a new trial ... shall be accompanied by affidavits or evidence of the essential facts in support of the motion." Utah R.Crim. P. 24(b). The rule further specifies that absent an extension from the court, "[a] motion for a new trial shall be made not later than 10 days after entry of the sentence." *Id.* 24(c). Read together, these two provisions clearly mandate that both a motion for new trial *and at least some evidence in support* must be filed within ten days of sentencing. *Cf. Hart v. Salt Lake County Comm'n,* 945 P.2d 125, 135–36 (Utah Ct.App.1997) (affirming trial court's denial of a motion for new trial based on failure to file affidavit in accordance with rule 59 of the Utah Rules of Civil Procedure).

¶ 10 Two other provisions of rule 24 provide for additional time for the filing of a motion and supporting evidence in certain circumstances. Despite its ten-day deadline, rule 24(c) allows a motion to be filed "within such further time as the court may fix before expiration of the time for filing a motion for new trial." Utah R.Crim. P. 24(c). And rule 24(b) states that "[i]f additional time is required to procure affidavits or evidence the court may postpone the hearing on the motion for such time as it deems reasonable." *Id.* 24(b). However, neither of these provisions applies to the circumstances of Mitchell's motion.

¶ 11 By its own terms, rule 24(c)'s extension provision applies only when the extension is secured [1] prior to the expiration

---

1. Read literally, rule 24(c) requires the trial court

to "fix" the extension period, i.e., rule on a

of the initial ten-day filing period. *See id.* 24(c); *State v. Hanigan,* 2002 UT App 424 (per curiam) (discussing rule 24(c)'s extension procedure). Mitchell neither requested nor received an extension of time prior to the expiration of the ten-day filing period, and he does not argue on appeal that the district court erred in failing to grant such an extension.

¶ 12 Mitchell does argue that rule 24(b) grants the trial court discretion to allow additional time "to procure affidavits or evidence," Utah R.Crim. P. 24(b), and Mitchell requested such additional time below. However, reading rule 24 as a whole, we must conclude that rule 24(b)'s extension provision applies only to affidavits or evidence *in addition to* that evidence that must be supplied with the motion itself. This is clear from the language of the extension provision, which presupposes the filing of a motion and, as we have held above, supporting evidence.[2] *See id.* ("[T]he court may postpone the hearing *on the motion* for such time as it deems reasonable." (emphasis added)). Further, in the event that affidavits or evidence are unavailable within the ten-day filing period, rule 24(c) provides a clear method by which a defendant may invoke the discretion of the trial court to obtain more time to file a properly supported motion.

¶ 13 In sum, Mitchell did not file a complete motion for new trial within ten days of the imposition of his sentence as required by rule 24(c). Neither his subsequent request for additional time to file affidavits nor the actual filing of his affidavits operates to render his original motion complete and timely. Thus, we conclude that the district court did not exceed the permitted range of its discretion when it denied Mitchell's motion for a new trial as untimely and incomplete.

## II. Failure to Establish Grounds for New Trial

¶ 14 In addition to denying Mitchell's motion on procedural grounds, the district court also examined the substance of Mitchell's affidavits and determined that they failed to demonstrate any error or impropriety that had a substantial adverse effect upon Mitchell's rights at trial. *See* Utah R.Crim. P. 24(a). We agree.[3]

¶ 15 As to the jury's alleged assumption that Archuleta was testifying against Mitchell pursuant to a plea bargain, Mitchell has not demonstrated that there is anything improper in such an assumption. Juries are permitted to draw reasonable inferences from the evidence at trial. *See, e.g., State v. Devey,* 2006 UT App 219, ¶ 2, 138 P.3d 90 ("On appeal from a jury verdict, we view the evidence and all reasonable inferences in a light most favorable to that verdict and recite the facts accordingly." (quotations and citation omitted)). Mitchell himself argued Archuleta's involvement in the crimes, and it is reasonable to infer that Archuleta's testimony for the State may have resulted from a plea bargain. And if the jury did make such an inference, we agree with the district court that it did not prejudice Mitchell. The jury could reasonably have concluded that both Mitchell and Archuleta commit-

---

defendant's request for additional time, prior to the expiration of the ten-day filing period. Utah R.Crim. P. 24(c). Such a reading appears to conflict, however, with rule 2, which specifically addresses motions for new trial and grants discretion to trial courts to extend the filing period "at any time," *id.* 2(b), so long as the "request therefor is made before the expiration of the period originally prescribed," *id.* 2(b)(1). We do not address this potential conflict today, but note that we do not intend today's decision to in any way limit the discretion granted to trial courts by either rule 2 or rule 24.

2. Even if this were not so, rule 24(b) would only grant the trial court the discretion to allow addi-

tional time, and Mitchell has not shown that the trial court exceeded its discretion in failing to grant additional time.

3. The district court also ruled that the "two affidavits contained nothing more than inadmissible hearsay and conjecture" and denied Mitchell's motion on that ground. Mitchell does not challenge the district court's hearsay ruling, and this provides yet a third basis for affirming the denial of Mitchell's motion. *Cf. State v. Eldredge,* 773 P.2d 29, 38–39 (Utah 1989) (applying the Utah Rules of Evidence to materials offered in support of a rule 24 motion).

ted the crimes,[4] a conclusion which would appropriately result in Mitchell's convictions.

¶ 16 Mitchell's second affidavit raised issues of newly discovered evidence allegedly tending to undercut the credibility of Archuleta's trial testimony. To justify a new trial, "newly discovered evidence should clarify a fact that was contested and resolved against the movant, or be sufficiently persuasive that the result of the trial might be changed." *State v. Becker*, 803 P.2d 1290, 1294 (Utah Ct.App.1990) (emphasis omitted). "We afford trial judges 'a wide range of discretion' in determining whether newly discovered evidence warrants the grant of a new trial." *State v. Montoya*, 2004 UT 5, ¶ 10, 84 P.3d 1183 (quoting *State v. James*, 819 P.2d 781, 793 (Utah 1991)).

¶ 17 In explaining its denial of Mitchell's motion, the district court found that Mitchell "had ample opportunity at trial to explore the facts claimed in [the] second affidavit and to impeach the testimony of Mr. Archuleta." The district court also found that the evidence in the affidavit was neither new nor relevant and did not justify a new trial. We agree with the district court. The facts alleged in the second affidavit, pertaining to when Henningson and Archuleta first met and whether they saw each other on the night of the truck theft, have no bearing on Mitchell's guilt and are relevant, if at all, only to Archuleta's credibility. As the district court noted, Mitchell cross-examined Archuleta extensively and had ample opportunity to challenge his credibility. The district court's refusal to grant Mitchell a new trial under these circumstances was well within the bounds of its discretion.

¶ 18 The district court did not abuse its discretion in determining that the information in Mitchell's affidavits did not warrant a new trial. Therefore, we also affirm the district court's denial of Mitchell's motion for new trial on substantive grounds.

## CONCLUSION

¶ 19 Under rule 24(b), a motion for a new criminal trial must be properly supported with affidavits or other evidence. *See* Utah R.Crim. P. 24(b). An unsupported motion is incomplete and will not satisfy the filing deadline. Mitchell's motion, as filed, was not accompanied by supporting evidence nor was such evidence provided within the filing period. Mitchell also failed to secure an extension of time for filing a complete motion or completing his existing motion. Under these circumstances, the district court's denial of Mitchell's motion for new trial as untimely and incomplete was within its discretion. Similarly, the court did not exceed the bounds of its discretion when it found that the substance of Mitchell's affidavits did not warrant a new trial. For these reasons, we affirm the district court's denial of Mitchell's motion.

¶ 20 WE CONCUR: JUDITH M. BILLINGS and JAMES Z. DAVIS, Judges.

---

4. We note that the circumstances of the theft and abandonment of Henningson's truck suggest that more than one person was involved.