**STATE of Utah, Plaintiff and Respondent,**

v.

**Jack Warren NOMELAND and Donald Farrell, Defendants and Appellants.**

No. 15556.

Supreme Court of Utah.

June 26, 1978.

Shelden R. Carter, of Utah County Legal Defender Ass'n, Provo, for defendants and appellants.

Robert B. Hansen, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Noall T. Wootton, Utah County Atty., Salt Lake City, for plaintiff and respondent.

ELLETT, Chief Justice:

The defendants appeal from a conviction of burglary. They make no complaint about the fact that the evidence was sufficient to convince the jury of their guilt beyond a reasonable doubt. What they do complain about is the giving by the court of the following instruction:

A defendant in a criminal case is not required to testify in his own behalf. The law expressly gives him the privilege of not testifying if he so desires. The fact that defendant Jack Warren Nomeland has not taken the witness stand must not be taken as any indication of his guilt, nor should you indulge in any presumption or inference adverse to him by reason thereof. The burden remains with the state, regardless of whether the defendant testifies in his own behalf or not, to prove by the evidence his guilt beyond a reasonable doubt.

Mr. Farrell took the stand and testified in his own behalf and so it would seem that he has no basis to complain about the instruction. Mr. Nomeland did not testify and he claims that the instruction cast an aspersion on his constitutional right not to testify, and he relies on the following cases to support his position:

(a) *State v. Cousins*[1]—The defendant did not testify; however, the court instructed the jury as follows:

It is the constitutional right of a defendant in a criminal trial that he may not be compelled to testify. Thus, wheth-

---

1. 420 P.2d 185 (Ariz.App.1966).

er or not he does testify rests entirely in his own decision. As to evidence or facts against him which the defendant can reasonably be expected to deny or explain because of facts within his knowledge, if he does not testify or if, though he does testify, he fails to deny or explain such evidence, the jury may take the failure into careful consideration as tending to indicate the truth of such evidence and as indicating that among the inferences that may be reasonably draw [sic] therefrom both unfavorable to the defendant are the more probable. The failure of the defendant to deny or explain evidence against him does not, however, create a presumption of guilty [sic] or by itself warrant an inference of guilt, nor does it relieve the presecution [sic] of its burden of proving every essential element of the crime and the guilt of the defendant beyond a reasonable doubt.

In that case the court properly held the instruction to be erroneous, and it is clearly distinguishable from the instant matter.

(b) In a later case[2] the Arizona Court of Appeals stated that it was error to instruct as the trial court had done. The instruction is not clear, but it seems to tell the jury that they could decide why the defendant did not testify.

(c) In *People v. Hampton*[3] the court held that it was not error to instruct on the failure to testify unless an objection was made prior to the giving thereof.

(d) Two cases in Arkansas support the position of the appellant herein, although there are other cases from that state to the contrary. The two cases relied upon are *Russell v. State*[4] and *Mosby v. State*.[5]

(e) Appellant also cites *Griffin v. California*[6] as authority for his contention. However, in that case the trial court told the

jury that they could take the defendant's failure to testify into consideration during their deliberations. This of course, would be improper.

A number of states have considered the problem, but the thrust of the better-reasoned cases is set out in *State v. Jefferson*,[7] wherein it was said:

In order that there be a violation of *Griffin*, it must appear that the language used by the prosecutor ' * * * was manifestly intended or was of such character that a jury would naturally and necessarily construe it to amount to a comment on the failure of the accused to testify.' . . .

The instruction given by a judge to the jury should be governed by the same rule as that which applies to the prosecutor.

In the case of *State v. Garcia, et al.*,[8] the court said:

It has been firmly established that an instruction on defendant's failure to testify is actually a benefit as a caution to the jury and is not erroneous, even though the defendant did not request it. . . . This is true, even though the defendant objects. . . .

In the case of *Harvey v. State*[9] it was held that an instruction regarding the failure of a defendant to testify was not erroneous even though the defendant objected to it before it was given. Certiorari was denied by the U.S. Supreme Court.

It is a fact of life that when evidence is given tending to show that a defendant committed a crime, the jurors will naturally expect that one who is innocent of the charge will so say (and all the King's horses and all the King's men cannot change that expectation).

While a defendant cannot be compelled to give evidence against himself, he certainly

**2.** *State v. Zaragosa*, 430 P.2d 426 (Ariz.App. 1967).

**3.** 231 N.W.2d 654 (Mich.1975).

**4.** 398 S.W.2d 213 (1966).

**5.** 440 S.W.2d 230 (1969).

**6.** 380 U.S. 609 (1965).

**7.** 353 A.2d 190 (R.I.1976).

**8.** 505 P.2d 862 (Ct.App. N.Mex.1972).

**9.** 187 So.2d 59 (Fla.App.1966), *cert. denied* 386 U.S. 923, 87 S.Ct. 894, 17 L.Ed.2d 795 (1967).

can testify in his own behalf. It would seem that the instruction complained of in this matter was very helpful to Mr. Nomeland and in no manner was prejudicial to his cause. That instruction did not emphasize the fact that he did not testify. The fact that he did not take the witness stand was a matter which no juror could have failed to notice. It appears to me that one who would set aside a conviction merely because the trial court gave a helpful instruction like the one complained of herein, is criminally-oriented and seeking to find a loophole so as to allow the guilty to escape.

The judgment is affirmed. No costs are awarded.

CROCKETT, J., concurs.

MAUGHAN, WILKINS and HALL, JJ., concur in result.