STATE of Utah, Plaintiff and
Respondent,

v.

Roy HUTCHISON, Defendant
and Appellant.

No. 17663.

Supreme Court of Utah.

Sept. 3, 1982.

Gary H. Weight, Provo, for defendant
and appellant.

David L. Wilkinson, Atty. Gen., Craig L.
Barlow, Asst. Atty. Gen., Salt Lake City,
for plaintiff and respondent.

HOWE, Justice:

The defendant, Roy Hutchison, was con-
victed of forcible sodomy in violation of
§ 76–5–403, Utah Code Annotated 1953.
He was sentenced to serve one to fifteen
years in the Utah State Prison. Defendant
appeals.

On October 17, 1980, the State's com-
plaining witness, (hereinafter the "victim"),
a boy of teenage years, was returning to
the Boys' Ranch in Provo Canyon after
having visited his parents in Price, Utah.
He arrived late that night at the Continen-
tal Trailways bus building in Provo. He
planned to wait there until he could find
transportation to the Boys' Ranch where he
lived. The defendant had been drinking
heavily and by chance met the victim in
front of the bus station. Upon learning
that the victim had no place to stay that
evening, the defendant invited him to stay
the night at his home, about one-half block
away.

The defendant and the victim then spent
some time drinking and watching television.
The victim testified that when he began to
feel the effects of the alcohol he asked the
defendant where he could lie down. Before
he went to a bedroom he noticed that the
defendant had dressed in a woman's dress

and wig. The victim then fell unconscious on the bed but was awakened when the defendant attempted to take down the victim's pants. The victim then passed out again. The next thing he remembered was waking up with the defendant's mouth on his penis. He testified he attempted to resist but was not physically capable. He finally broke away and ran out onto the front lawn. At approximately 5:00 a.m. a traveler found him lying naked next to a pile of burned clothing. The traveler summoned the police and Officer Smith responded. In response to Officer Smith's inquiries, the victim indicated that defendant had attempted to have anal intercourse with him. At the trial, however, the victim testified that the defendant had only attempted fellatio. Defendant's counsel attempted to introduce Officer Smith's police report to impeach the credibility of the victim, but the trial court excluded it as non-admissible hearsay.

Defendant contends that the report of Officer Smith should have been admitted for impeachment of the victim's testimony and that its exclusion prejudicially affected his defense. Counsel for the defendant called Officer Smith to testify regarding the report he had prepared based on his conversation with the victim at the scene. A hearsay objection was made and the court refused to admit the report in evidence stating that it was "hearsay on hearsay."

■ Rule 63 of the Utah Rules of Evidence states that:

Evidence of a statement which is made other than by a witness while testifying at the hearing *offered to prove the truth of the matter stated is hearsay evidence and is inadmissible* . . . [Emphasis added.]

Rule 62 defines a "statement" as including a written expression. In view of this definition and the fact that counsel for the defendant indicated to the court that the report was being offered only for impeachment purposes, it should have been admitted for that limited purpose. When an out-of-court statement is offered only to prove that the statement was made, without regard to its truth or falsity, it is not proscribed by the hearsay rule. Rule 63, supra; *State v. Sorensen,* Utah, 617 P.2d 333 (1980) and cases cited therein. Furthermore, the officer was present in the courtroom and available for questioning as to his recall of his conversation with the victim. The officer asserted under oath that he had prepared the report as a result of his conversation with the victim. The trustworthiness of his recall of that conversation as reported was subject to cross-examination. Under these circumstances, the court erred in excluding the report.

Was the failure to admit the report of the officer prejudicial to the defense of the defendant? He claims that since he had no memory of the events of the evening of October 17, 1980, the exclusion of the officer's contradictory report acted to unfairly support the victim's testimony.

■ Reversal for error is not automatic. U.C.A.1953, § 77–35–30, Rule 30 states in part that:

(a) Any error, defect, irregularity or variance which does not affect the substantial rights of a party shall be disregarded.

In *State v. Urias,* Utah, 609 P.2d 1326 (1980) this Court further explained that:

The mandate of our statute [U.C.A. § 7–42–1 (1953)], and the policy firmly established in our decisional law, is that we do not upset the verdict of a jury merely because some error or irregularity may have occurred, but will do so only if it is something substantial and prejudicial in the sense that there is a reasonable likelihood that in its absence there would have been a different result.

■ Our review of the record reveals that counsel for the defendant had earlier elicited testimony from the victim admitting that he told the police officer that the defendant had attempted anal intercourse. This testimony was then properly before the finder of fact even though the same information, in the form of the officer's report, was later excluded as hearsay. The victim's testimony was as follows:

Q. You told that to the officers?

A. Yes.

Q. After that do you recall telling the police officers that he made some sexual advances toward you at that time?

A. Yes.

Q. That he tried to force you to have anal intercourse with him?

A. Yes.

Q. Do you recall that now?

A. Yes.

Q. But you didn't recall it when Mr. Fitt asked you just a minute ago?

THE COURT: Do you understand that question?

THE WITNESS: No, I don't.

THE COURT: I am not going to require him to answer that, Mr. Weight.

MR. WEIGHT: I will ask it again, Your Honor.

Q. Did you in fact tell the police officers what I have asked you about?

A. Yes.

In light of this testimony, we do not view as prejudicial the exclusion of the officer's report containing the same information. We do not perceive that the admission of the officer's report would have created a reasonable likelihood of a more favorable result for the defendant.

■ The defendant also contends that there is insufficient evidence to support his conviction. We have examined the record and find this contention to be without merit.

Judgment affirmed.

HALL, C.J., and OAKS and DURHAM, JJ., concur.

STEWART, J., concurs in the result.