The STATE of Utah, Plaintiff and Respondent,

v.

Robert REEDY, Jr., Defendant and Appellant.

No. 18082.

Supreme Court of Utah.

April 26, 1984.

G. Fred Metos, of Salt Lake Legal Defenders, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

Defendant appeals from his jury conviction of aggravated robbery, a first degree felony under U.C.A., 1953, § 76–6–302, which was subsequently reduced by the trial court to a second degree felony under U.C.A., 1953, § 76–3–402.

At 8:30 a.m. on June 23, 1980, John Palmer, an attendant at a service station at 200 West 1300 South, Salt Lake City, Utah, was robbed at gunpoint by two men. They first approached him for change for a dollar and went to a Coke machine while Palmer was serving customers. They returned when he was alone again. One of them thrust a revolver at Palmer and demanded all the money in the till. Both men then fled and Palmer called the police. Twelve days after the robbery Palmer picked the defendant's picture from a group of six photographs, and when asked whether he was

certain that defendant was the man, he replied that he was "one hundred percent sure." At trial, more than one year after the robbery, Palmer was unable to make a positive in-court identification of the defendant, whose appearance had changed between the time of his initial arrest and the trial. A police officer testified that defendant had looked like the photograph when arrested, but he had lost weight and his hair was longer and curlier.

The defendant contends that the trial court erred in refusing to submit to the jury the following requested instruction:

### INSTRUCTION NO. ____

Identification testimony is an expression of belief or impression by the witness. In this case its value depends on the opportunity the witness had to observe whether or not the defendant was the person who committed the aggravated robbery of JOHN GLEN PALMER on June 28, 1980, and to make a reliable identification later.

In appraising the identification testimony of a witness, you should consider the following:

(1) Are you convinced that the witness had the capacity and an adequate opportunity to observe the offender?

Whether the witness had an adequate opportunity to observe the person at the time will be affected by such matters as how long or short a time was available, how far or close the witness was from the offender, how good were lighting conditions, whether the witness had had occasion to see or know the person in the past.

(2) Are you satisfied that the identification made by that witness subsequent to the event was a product of his or her own recollection? You may take into account both the strength of the identification, and the circumstances under which the identification was made.

If the identification by the witness may have been influenced by the circumstances under which the defendant was presented to him for identification, you should scrutinize the identification with great care. You may also consider the length of time that lapsed between the occurrence of the crime and the next opportunity of the witness to see defendant, as a factor bearing on the reliability of the identification.

(3) Finally, you must consider the credibility of each identification witness in the same way as any other witness, consider whether he is truthful, consider whether he had the capacity and opportunity to make a reliable observation on the matter covered in his testimony.

The burden of proof on the State extends to every element of the offense and the identify [sic] of the perpetrator is such an element. The State must prove beyond a reasonable doubt that ROBERT REEDY, JR., was the perpetrator of the offense in question in this case. If after examining the testimony, you have a reasonable doubt as to the accuracy of the identification, you must find the defendant not guilty.[1]

Defendant postulates that inasmuch as he denied that he had committed the robbery, that instruction represented his theory of the case and the failure to give it was reversible error.

 We have consistently held that the giving of an instruction on eyewitness testimony should be left to the discretion of the trial court to determine whether the circumstances warrant it. *State v. Newton*, Utah, 681 P.2d 833 (1984); *State v. Malmrose*, Utah, 649 P.2d 56 (1982); *State v. Schaffer*, Utah, 638 P.2d 1185 (1981); *State v. McCumber*, Utah, 622 P.2d 353 (1980). It is true that failure to instruct the jury on all elements of the crime is reversible error, *State v. Laine*, Utah, 618 P.2d 33 (1980), and that the defendant is entitled to have his theory of the case presented to the jury if there is a basis in the evidence to support that theory, *State v. Brown*, Utah, 607 P.2d 261 (1980); *State*

---

**1.** This instruction is patterned after what has become known as the "Telfaire" instruction, first suggested as a model in *United States v. Telfaire*, 469 F.2d 552 (D.C.Cir.1972).

*v. Castillo,* 23 Utah 2d 70, 457 P.2d 618 (1969), but it is not error to refuse an instruction if its content is set out in others. That is the case here. Instruction No. 11 stated as follows:

Before you may convict the defendant, ROBERT REEDY, JR., of the offense of Aggravated Robbery as charged in the Information, the State must prove each and every one of the following elements to your satisfaction and beyond a reasonable doubt:

1. That on or about June 28, 1980, ROBERT REEDY, JR., unlawfully took the personal property of JOHN GLEN PALMER, intending to deprive him of possession of that property; and

2. That at that time the property was on the person or in the immediate presence of JOHN GLEN PALMER; and

3. That such property was taken against the will of JOHN GLEN PALMER; and

4. That ROBERT REEDY, JR., used a firearm or facsimile of a firearm to take such property; and

5. That all such acts took place in Salt Lake County, State of Utah.

If the State has proved all of the foregoing elements beyond a reasonable doubt, then it is your duty to convict the defendant, as charged in the Information. However, if the State has failed to prove any of the foregoing elements beyond a reasonable doubt, then you must find ROBERT REEDY, JR., not guilty of the offense of Aggravated Robbery.

The element of identity is clearly covered in and required by paragraph 1 of that instruction. The jury was admonished that failure by the State to prove any of the elements stated there, including identity, would have to result in a finding of not guilty.

Instruction No. 6 which was also given, further advised the jury:

You are the exclusive judges of the credibility of the witnesses and the weight of their testimony. In so judging, you can take into consideration any interest a witness may have in the lawsuit and any bias or probable motive, or lack thereof, to testify as they do, if any is shown. You may also consider the deportment of witnesses upon the witness stand, the reasonableness or lack thereof of their statements, their frankness or the want of it, their opportunity to know, their ability to understand, their capacity to remember, and whether any witness contradicted himself or herself, and then determine therefrom, in accordance with your honest convictions, what weight and credibility you should give to the testimony of each witness, measured by reason and common sense and the rules set forth in these instructions.

If you believe a witness has wilfully testified falsely to any material matter in this case, you may disregard the whole of the testimony of such witness except as you find it to have been corroborated by other credible evidence, in which event you should then give it the weight to which you find it is entitled.

When compared to the instruction requested by defendant, it appears that Instructions 11 and 6 fully covered its content: the capacity and adequate opportunity to observe the offender, the ability to understand and the capacity to remember (restated in so many words as the product of the witness's own recollection in the rejected instruction), and the credibility of the witness in giving testimony. Finally, Instruction No. 4 instructed the jury that a defendant is entitled to an acquittal, if after impartial consideration and comparison of all the evidence there remains a reasonable doubt in the jurors' minds.

■ We therefore hold that because the instructions given contained the substance of the special identification instruction requested by defendant, there was no prejudice to the defendant's defense. This holding is consistent with case law suggesting, in dictum, the use of a special identification instruction where circumstances so warrant, but affirming the trial court because its content was set out in other instructions. *People v. Martinez,* Colo.App., 652 P.2d 174 (1981), reh. denied (1981), cert.

denied (1982); *United States v. Telfaire,* supra; *United States v. Barber,* 442 F.2d 517 (3rd Cir.1971); see also *State v. Ollison,* 16 Or.App. 544, 519 P.2d 393 (1974), where the court considered the lack of identification instruction harmless error.

Washington has rejected Telfaire-type instructions on the ground that they constitute comment, constitutionally impermissible, by the trial judge upon matters of fact which belong strictly in the province of the jury. *State v. Ammlung,* 31 Wash.App. 696, 644 P.2d 717 (1982); *State v. Jordan,* 17 Wash.App. 542, 564 P.2d 340 (1977), reh. denied (1977). Kansas has made them mandatory under factual circumstances warranting their inclusion. *State v. Warren,* 230 Kan. 385, 635 P.2d 1236 (1981). That case holds that in any criminal action in which eyewitness identification is a critical part of the prosecution's case and there is a serious question about the reliability of the identification, a cautionary instruction should be given advising the jury as to the factors to be considered in weighing the credibility of the eyewitness identification testimony. Significantly, the *Warren* decision was later explained in *State v. Shepherd,* 232 Kan. 614, 657 P.2d 1112 (1983), to imply that the question of the propriety for the instruction lies with the trial court in the first instance.

The fact that there is sole eyewitness identification does not, standing alone, mandate a cautionary instruction. Instead, the central question remains whether "under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive." *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Factors evaluating the likelihood of misidentification, said that court, include the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of the witness's prior description of the criminal, the level of certainty demonstrated by the witness at the con-

frontation, and the length of time between the crime and the confrontation. In the instant case there was independent testimony by a police officer of the defendant's likeness to the photograph at the time of his initial arrest. The jury heard evidence that the eyewitness had had ample opportunity to view the defendant attentively during the holdup; that the description given matched that of the defendant when initially identified and arrested; that the witness was positive of having identified the defendant; and that the time between the crime and the arrest was twelve days. Those facts constitute an additional reason why the refusal to give the defendant's requested instruction was not error.

Defendant's counsel, in his fine brief, relies on, among other things, a law review article [2] dealing with the problems of perception and memory that are associated with hearsay testimony, and attempts to enlarge that rationale to prove that problems concerning human perception and memory play a vital role in eyewitness identification generally. However, that article also points out the safeguards afforded by the presence in court of the eyewitness, in that "the trier has the added benefit of a more complete statement plus the advantages of cross-examination, the oath, and the demeanor evidence. If the in-court statement varies from the out-of-court statement, the trier of fact may determine the credence to be accorded the out-of-court statement on a much more rational basis than it could without the in-court testimony." Id. at 39. Clearly, the writer suggests that the responsibility is that of the jury to assess the capacity to understand and to remember, as well as the veracity and credibility of the witness.

In the instant case not only was the substance of the rejected instruction given in essence by the trial court, but counsel amply availed himself of the opportunity to point up in closing argument the weaknesses he believed existed in the eyewitness

---

**2.** Stewart, "Perception, Memory and Hearsay: A criticism of present law and the proposed Federal Rules of Evidence" 1970 Utah L.Rev. 1.

identification. The factual question of accurate eyewitness identification was thus squarely presented to the jury and the trial court committed no error in refusing to give the requested instruction at issue here.

The judgment on the verdict is affirmed.

HALL, C.J., and OAKS, J., concur.

STEWART and DURHAM, JJ., concur in the result.