**STATE of Utah, Plaintiff and Respondent,**

v.

**Gregory J. PETERSON, Defendant and Appellant.**

No. 18010.

Supreme Court of Utah.

July 10, 1986.

Lisa J. Remal, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals from a conviction of burglary, a third degree felony, in violation of U.C.A., 1953, § 76-6-202.

Defendant was charged with the 1981 burglary of the building of the Utah State Department of Social Services at 2835 South Main in South Salt Lake. He was tried and convicted by a jury, and on September 16, 1981, he filed a timely notice of appeal. After fifteen extensions, defendant's brief on appeal was filed on March 9, 1984. The State's brief was filed on April 30, 1984, and the case was heard by this Court in September 1984. Because of deficiencies in the record, on October 10, 1984, we directed the parties to order the entire transcript so we could evaluate whether the alleged prosecutorial misconduct "had any effect on the substantial rights of the defendant." Apparently, the reporter's notes of the trial had been lost, and he was unable to prepare the requested transcript. Counsel was therefore ordered to prepare a

statement of the evidence under Utah R.App.P. 11(g). That statement was finally filed with this Court on March 11, 1986.

The error alleged concerns the prosecutor's reference to felonies allegedly committed by defendant. At trial, defendant took the stand in his own defense and denied that he had committed the burglary. On direct examination, he stated that he had three prior felony convictions, all of which were burglaries. He stated that two of the convictions were in Spokane, Washington, in 1974, and one was in Salt Lake City in 1980. On cross-examination, the prosecutor questioned defendant as follows:

Q. Sir, you say you pled guilty to three felonies; is that correct?

A. Yes.

Q. Are you sure they're [sic] only three?

A. Yes.

Q. Two of them were in 1974?

A. Yes.

Q. Was there one in 1975?

A. No.

Q. In fact, there are two in 1975.

A. No.

Q. Was there not another one in 1978 in Spokane?

*Defense:* I'm going to object to all of this, your Honor. They can ask him about felony convictions, but they can't try to re-incriminate him by asking him if there were any more felonies.

*Prosecutor:* Well—

*Judge:* You can ask if there are other felonies which you think you have some information about, ... but you cannot speculate along through the years.

*Prosecutor:* I have good faith to indicate to me that there are other felonies.

*Judge:* I'll rule to submit that as a proper cross-examination.

*Defense:* He's got his answers. I think he's only doing this to make the defendant look worse.

*Judge:* The answers are there. There are three felonies that he pled guilty to.

You have reason to believe there are others?

*Prosecutor:* That is correct.

Q. Were you not convicted at a felony hearing in 1978 in Spokane as well, sir?

A. No.

■ The prosecutor did not, at any time during the course of the trial, attempt to introduce any evidence of felony convictions. After closing arguments and while the jury was in deliberation, defendant moved for a mistrial. The prosecutor was called and testified that his questions were based on an uncertified "rap sheet" which was in the file when he received it. The prosecutor did nothing to verify the alleged convictions and did not offer even the rap sheet into evidence. The trial court ruled that it was in its discretion to allow the interrogation complained of and that since there was no element of bad faith, the prosecution's reference to other felonies did not constitute grounds for a mistrial. Defendant's motion for mistrial was denied, and the jury returned a verdict of guilty.

On appeal, defendant argues that the prosecution's reference to other unproven felonies prejudiced his case since his defense was based solely on his credibility. He claims that the prosecutor's suggestions (by inference) that he was not telling the truth about his felony convictions would cause the jury to doubt his denial of the present charge. The concern is well-founded. Other courts have held that where a witness denies prior convictions, questioning on that subject is disallowed unless the questioner is prepared to present extrinsic proof of the convictions. The rule was explained in *Kizer v. State,* 67 Okl.Cr. 16, 93 P.2d 58 (1939), as follows:

[I]mpeaching questions should not be propounded to a witness unless they are based upon facts that the interrogator intends to present in refutation of adverse answering of questions propounded; such line of questioning should be done in good faith, and not for the pur-

pose of prejudicing and arousing suspicion of the jury against the defendant. 93 P.2d at 88.

In the instant case, the trial court denied the motion for mistrial in finding that the prosecutor had acted in good faith. This finding was in error, however, in view of the prosecutor's failure to buttress his references to defendant's convictions with admissible extrinsic evidence (such as a certified copy of the conviction). *See Tomarchio v. State*, 99 Nev. 572, 665 P.2d 804 (1983).

We must next determine whether the prosecutor's questioning as to other alleged convictions prejudiced defendant's case so as to require reversal. In making that determination, we must assess whether, absent the prosecutorial misconduct, there is a reasonable likelihood that there would have been a different result. *State v. Tucker*, 709 P.2d 313 (Utah 1985).

As indicated, *supra*, a transcript of the trial in the instant case is not available. Based upon the statement of the evidence submitted under Utah R.App.P. 11(g), however, this is not a case where the evidence of guilt was marginal. The manager of the dispatch alarm system installed at the burglary site testified that on June 10, 1981, building alarms were triggered at 11:59 p.m. He stated that one of the alarms which went off was close to the safe and that it had been set off by motion inside the building. He immediately notified the police and the building manager. An officer testified that when he arrived at the building, he saw a broken window in front. On investigating, he noticed broken glass on the floor and a large rock inside. On the floor, he found muddy footprints that led to the safe, to a break room, and then to another window. Meanwhile, another officer spoke with one Janette Olson, who told the officer she had seen someone run from the building and through her backyard. In checking in the vicinity, the officer noticed some tires stacked by a shed near a fence. Defendant was lying face down on top of the shed with his arms extended and his head turned sideways.

Defendant was arrested, and his muddy tennis shoes were taken into evidence. A criminologist testified at trial that the mud taken from the shoes was similar in nature to that taken from the scene. In his own defense, defendant stated that on the evening in question he had been dropped off in the area and was looking for a friend's house. He said that he had been drinking and that when he was unsuccessful in locating his friend's house, he decided to lie down and sleep for a while. He explained that since the lawns in the area were wet, he climbed on top of the shed and went to sleep.

Following presentation of the evidence, the court gave instructions that lessened the prejudicial effect of the prosecutorial misconduct. The jury was instructed that the fact that a witness had been convicted of a felony should be considered only in judging the credibility of the testimony, but did not raise a presumption that the witness testified falsely. (On his own initiative, defendant had testified that he had been convicted of three felonies.) The court also instructed the jury that statements of counsel were not evidence to be considered and that the facts were to be determined from the evidence presented at trial, not from speculation or conjecture.

In view of the evidence adduced and the instructions given, and the fact that defendant did admit to three prior convictions for burglary, we cannot say that there is a reasonable likelihood that the outcome of the trial would have been any different in the absence of the prosecutor's misconduct. Defendant's conviction is therefore affirmed.