**SALT LAKE CITY, Plaintiff and Appellee,**

v.

**Richard A. REYNOLDS, Defendant and Appellant.**

**No. 920057–CA.**

Court of Appeals of Utah.

March 3, 1993.

Richard P. Mauro, Salt Lake City, for defendant and appellant.

Janice L. Frost, Salt Lake City, for plaintiff and appellee.

Before BENCH, BILLINGS and ORME, JJ.

## OPINION

BENCH, Judge:

Defendant, Richard Reynolds, challenges his conviction for battery, a class B misdemeanor, in violation of Salt Lake City Code § 11.08.020. Defendant argues that he was prejudiced by the prosecution's failure to provide, upon request, the criminal record of the prosecution's only witness. We reverse and remand.

## BACKGROUND

Defendant and Nicholas Banatta were cotenants at a house in Salt Lake City. Defendant and Banatta were not well acquainted, Banatta having lived in the house for only three days. On October 7, 1991, at about 7:00 p.m., defendant began preparing dinner. Banatta left the house to get wine, liquor, and other items. While on the street, Banatta met a woman whom he invited to dinner. The woman arrived for dinner with another woman and two small children.

All four adults were drinking throughout the evening. Several disputes arose between Banatta and defendant. Defendant and the two women testified that Banatta became aggressive, although he did not threaten or assault anyone. Banatta testified that defendant was also upset. When the women decided to leave, defendant accompanied them home. He then returned to the house at about 12:30 a.m.

Defendant and Banatta relate very different stories about what happened when defendant returned. Banatta testified that defendant attacked him, breaking Banatta's jaw and three of his ribs. Defendant maintains that Banatta hit him, and, in self-defense, defendant knocked Banatta down. Banatta then got up and charged him, crashing into some furniture and injuring himself.

Defendant testified that about an hour after the fight he attempted to help Banatta by getting the phone and dialing 911. Banatta testified that he made the call

without any help from defendant. Banatta was taken to the hospital and defendant was arrested and taken to jail.

## COURSE OF PROCEEDINGS BELOW

Before trial, defendant requested that the prosecution provide "[a] list of all the witnesses that the State/City intends to call for trial ..., their addresses, telephone numbers, and *criminal records.*" (Emphasis added.) In response, the prosecution provided a copy of the information and a four page police report listing the names of the witnesses and containing a description of the incident. The prosecution made no reference to Banatta's prior convictions for aggravated assault, carrying a concealed weapon, public intoxication, disorderly conduct, or other offenses.

A jury convicted defendant of battery. Defendant subsequently moved for a new trial, claiming that Banatta had a prior criminal record that the prosecution should have provided to him in light of his pretrial request. The trial court denied the motion. Defendant was sentenced to 90 days in jail and fined $300. The jail time was suspended and defendant was placed on probation.

Defendant now appeals his conviction, claiming that he was prejudiced by the prosecution's failure to respond adequately to his discovery request.

## DEFENDANT'S DISCOVERY REQUEST

Defendant's discovery request is governed by Utah Rule of Criminal Procedure 16(a), which states:

> Except as otherwise provided, the prosecutor shall disclose to the defendant upon request the following material or information of which he has knowledge:
>
> (1) relevant written or recorded statements of the defendant or codefendants;
>
> (2) the criminal record of the defendant;

(3) physical evidence seized from the defendant or codefendant;

(4) evidence known to the prosecutor that tends to negate the guilt of the accused, mitigate the guilt of the defendant, or mitigate the degree of the offense for reduced punishment; and

(5) any other item of evidence which the court determines on good cause shown should be made available to the defendant in order for the defendant to adequately prepare his defense.

The parties dispute whether the request for a witness's criminal record falls under 16(a)(4) or 16(a)(5).[1] It is conceivable that in a given case the criminal record of a witness could fall within subsection (4). However, since the criminal record of a witness would not always fall within subsection (4), we will consider it under subsection (5) with the realization that our analysis applies to all 16(a) discovery requests. *See State v. Knight,* 734 P.2d 913, 916 (Utah 1987).

 In this case, the defense met its threshold burden under Rule 16(a) by specifically requesting the criminal record of the prosecution's witnesses. The prosecution failed to adequately respond to the request. As a result, the defense proceeded to trial on the assumption that Banatta, the prosecution's only witness, had no criminal record. In fact, Banatta not only had a criminal record, but had prior convictions for aggravated assault, public intoxication, disorderly conduct, and carrying a concealed weapon. This information may have constituted relevant evidence where the defendant claimed self-defense, and the other witnesses testified that Banatta was drinking and acting aggressively just before the fight.

The prosecution's failure to at least respond to the defense's request for Banatta's criminal record is inexcusable. In *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), the Supreme Court considered the prosecution's

---

**1.** Under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the prosecution has an affirmative duty to provide exculpatory information to the defense. However, whether a criminal record of a witness qualifies for release under *Brady* is uncertain. *See State v. Mickelson,* 848 P.2d 677, 689 n. 16 (Utah App. 1992).

failure to provide a witness's criminal record in a murder case. The Supreme Court made it clear that if the defense requests the record of a witness, the prosecution has a duty to respond to the request. The Court stated, "[w]hen the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable." *Id.* 427 U.S. at 107, 96 S.Ct. at 2399. The Court also stated,

> if the subject matter of such a request is material, or indeed if a substantial basis for claiming materiality exists, it is reasonable to require the prosecutor to respond either by furnishing the information or by submitting the problem to the trial judge.

*Id.*

Additionally, in *Knight*, 734 P.2d at 916–17, the Utah Supreme Court clarified the prosecution's duties in responding to a discovery request. The Court stated that the prosecution, "either must produce all of the material requested or must identify explicitly those portions of the request with respect to which no responsive material will be provided." *Id.*

Since the defense made a specific request in compliance with the Utah Rules of Criminal Procedure, the prosecution had a duty to respond. The prosecution could respond by providing the information or by stating that it would not provide the information. If the prosecution refused to provide the information, the defense could then move the court to compel discovery. But if the prosecution ignored the discovery request, or only partially responded to it, the requesting party could then logically infer that the information was not provided because it did not exist. *See Knight*, 734 P.2d at 917 (citing *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (recognizing the possibility that an incomplete response to a discovery request may mislead the defense and impair the adversary process)).

 The prosecution asserts that the defense erred by not moving to compel discovery in this case. This argument is mis-

placed. The defense requested a criminal record. The prosecution responded, but did not say anything about the Banatta's criminal record. Consequently, the defense could have reasonably concluded that Banatta did not have a record. Since the defense did not know that there was something to compel, the defense did not have a duty to bring a motion to compel. Banatta's criminal record was therefore improperly withheld from the defense in violation of Rule 16(a)(5).

 The prosecution further argues that because the request for the criminal record falls under Rule 16(a)(5), the defense had the burden of showing "good cause" why the information should be provided.[2] The prosecution further argues that since the defense did not show "good cause" in its discovery request, the prosecution's failure to respond was not erroneous. This interpretation of the rule is incorrect. Although the defense may be required to show "good cause" in order to force the prosecution to provide the criminal records, *State v. Mickelson*, 848 P.2d 677, 689–90 (Utah App.1992), the defense need not "show" good cause in making its discovery request. If the defense makes a specific request in compliance with the Utah Rules of Criminal Procedure, the prosecution must adequately respond, even if the response is a refusal to comply with the request. *Knight*, 734 P.2d at 917. Only if the prosecution responds by clearly refusing to provide the information, and the defense nonetheless seeks to compel discovery, does the defense have a duty to show "good cause" under the rule.

## DETERMINATION OF PREJUDICE TO DEFENDANT

 A trial court's error will be reversed "only if a review of the record persuades [this] court that without the error there was 'a reasonable likelihood of a more favorable result for the defendant.'" *State v. Fontana*, 680 P.2d 1042, 1048 (Utah 1984) (quoting *State v. Hutchison*, 655

---

**2.** In *Mickelson*, 848 P.2d at 690, this court noted that "good cause," as used in Rule 16(a)(5),

"only requires that the defendant establish the materiality of the requested records to the case."

P.2d 635, 637 (Utah 1982)). When the prosecution failed to completely respond to the discovery request, the defense was denied a reasonable opportunity to compel discovery of the criminal record.

Banatta's criminal record reveals relevant information that was not brought out at trial. Given that defendant was arguing self-defense, and Banatta was the prosecution's only witness, the "good cause" requirement of 16(a)(5) could be easily met. *See Mickelson*, 848 P.2d 677, 690 n. 18.

Additionally, under Utah Rule of Evidence 609, at least part of Banatta's criminal record would be admissible to impeach Banatta. In *State v. Smith*, 817 P.2d 828, 829 (Utah App.1991), this court noted that "impeaching evidence which is detrimental to the prosecution in a criminal case shall be admitted without any balancing of its probativeness and prejudicial effect." Therefore, on the record before us, we believe there is a reasonable likelihood that the criminal record of Banatta may have led to a different verdict. Defendant is entitled to a new trial.

## CONCLUSION

The prosecution's failure to respond fully to the defense's discovery request constituted prejudicial error. Accordingly, the defendant's conviction is reversed and the case is remanded for a new trial.

BILLINGS and ORME, JJ., concur.